Case number 22-3651, United States of America v. Juan Grogan. Oral argument is not to exceed 15 minutes per side. Mr. Becker, you may proceed for the appellant. Good afternoon, your honors, and may it please the court. My name is Tyler Becker and I represent the appellant in this matter, Juan Grogan. I would like to reserve three minutes for rebuttal. Yes. Thank you, your honor. The district court erred by allowing the government to introduce as substantive evidence at Mr. Grogan's trial, statements he made during an earlier proffer session, including one statement where Mr. Grogan admitted that drugs belonged to him. Mr. Grogan's proffer agreement allowed the government to introduce statements from his proffer only to the extent that Mr. Grogan testified inconsistently with or presented evidence or arguments inconsistent with the proffer. Regarding the statement that the drugs belonged to him and two other statements, Mr. Grogan simply pleaded the Fifth Amendment to the government's questions on cross. This case thus presents a clear legal question whether pleading the Fifth is inconsistent with prior proffer statements on the same subject. It is not. As the Supreme Court has emphasized time and again, no implication at all attaches to a defendant's invocation of Fifth Amendment rights. The government only makes a half-hearted attempt to argue another statement in Mr. Grogan's testimony implied inconsistency, but that statement did no such thing. The district court's admission of Grogan's proffer statements, and in particular the statement that the drugs belonged to him, was not harmless. The government repeatedly invoked the proffer statement that the drugs were his in its closing. The government's argument that Mr. Grogan improperly pleaded the Fifth is late and irrelevant. The government did not raise this issue in the district court, and in fact said, okay, that's fine on the record when Mr. Grogan pleaded the Fifth Amendment. Regardless, whether Mr. Grogan pleaded the Fifth is irrelevant because Mr. Grogan's proffer agreement did not allow the government to introduce proffer statements, even if he improperly pleaded the Fifth Amendment on cross. Can I ask you a question? I want to ask because you kind of blew through it a little bit, but I want to ask you about this testimony, not the Fifth Amendment argument, but the testimony about their presenting to the court that I'm a drug dealer, you know, the statement, right? Why is he not implicitly at least saying I'm not a drug dealer? Well, your honor, first of all, we think that that statement itself is not actually implying that these drugs weren't his or anything. That's that's an entirely different statement. And regardless, that statement in and of itself was actually about what the government was trying to prove in that case. It was simply a recitation of what the government was trying to prove. It's very similar to other the other proffer cases where the defendant is simply saying, you know, I'm not guilty of the crimes charged. But we don't have one of those sufficiency of the evidence cases in our circuit, do we? I noticed you cite the Second Circuit a lot on that point that it's not. I suppose inconsistent to say they don't have enough evidence. And Shannon doesn't say that, right? It's Rosemond and the other cases from the Second Circuit. Yes, your honor. I believe that is correct on Shannon. But I will also say that the that the Krillage decision, Judge Easterbrook's decision from the Second Circuit also makes the same the same assertion about guilt about does anybody go the other way? No, your honor. OK. You don't think that it would be inconsistent if I read that statement to say. Hey, I'm not a drug dealer or they're trying to say I'm a drug dealer and I'm not a drug dealer. And the key piece of evidence in the case is the drugs that were found in, you know, a car. That how is that not inconsistent with admitting that those were your drugs? That seems inconsistent to me. Your honor, we maintain that that would not be inconsistent, because whether you're about the specific drugs in this case that are at issue, we're we're stating that that would not be inconsistent to say that he was not a not a drug dealer. I mean, those things are two different things. We don't even think that that really necessarily matters because the context of this statement that it's in was Mr. Grogan saying that the government illegally searched the car and that if you read the statement in the full context, that's that's what Mr. Grogan was saying. He said, I'm not a drug dealer. The government was trying to prove that I'm not a drug dealer and I'm not a felon in possession of a firearm. When the government can't prove how they became the possession of this firearm to even have knowledge of me being involved in anything that they are presenting in court today. Yes. You sort of briefly said it's not harmless. But his fingerprints, I understand there are other prints also, but his prints are on the gun. And he testifies that the car was in service. It's his cousin's car. It was in service. He picked it up. He had it for the last week or so. And the drugs are in the car. I mean, how how is that not the kind of overwhelming evidence that doesn't need to rely on a confession? I'm not I know it's not a sufficiency question. I appreciate that. Yes. Yes, your honor. This is not. So the fact that Mr. Grogan had an admission, a statement that the drugs belong to him, the evidence that the government introduced would not be harmless because the rest of the evidence was simply circumstantial. If you look at appendix page 3, you can see that the drugs were in a closed compartment of the car. The government presented evidence that other people were using this car during that previous week. And although Mr. Grogan's fingerprints were on the gun, we're not actually appealing the felon in possession charge. We're only appealing the other charges that relate to the drugs. And if you look at appendix page 3, it's a closed compartment of the car. The the government has only presented circumstantial evidence that Mr. Grogan was in other areas of the car and that his wallet was present in another area of the car. They've presented no other they presented no other evidence of the trial that the drugs in the actual compartment that Mr. Grogan had touched those drugs and Mr. Grogan was usually the fact the drugs are close in proximity is just not is just not enough under this court's precedent. So your distinction is there is no other direct evidence, but there is circumstantial. And you think under the law, that is the key distinction. Yes, your honor. When there are circumstantial and disputed evidence as to the as to the drugs as to whether Mr. Rogan possessed the drugs, that is that that is sufficient to find harmless error. When the government introduces an admission, basically a confession that the drugs belong to him. Is that effectively the cases that talk about in this situation that a tie goes to the defendant? To make it not? Yes. Yes, your honor. Question. Yes, your honor. That's correct. I think the Bell case is particularly good on this from this court. I think in 2008 and where this court found that the jury would have been substantially swayed by a defendant's prior drug convictions being admitted. And in this case, we have an even bigger thing where Mr. Rogan actually admitted to possessing the drugs, apparently in his proffer statements. So we think that's that that goes even beyond. We think this was already decided in Bell that that would be that this would not be harmless error. Do you have anything further, or would you like to reserve the remainder of your time? Yes, your honor. We also think the government's argument about the. The government's argument about the 5th amendment being is totally late, and it's also irrelevant to this appeal because the proffer agreement itself. It does not just allow the government to use a particular remedy or to use the proffer statements to rebut whatever the Mr. Rogan's pleading of the 5th amendment. We think this is like they waived it. Yes, your honor. We maintain that the government waived it. We all they said, OK, that's fine. They moved on. They did not pursue any of the particular remedies that that courts have announced going back for over a century for what you do in that kind of case. When a defendant supposedly improperly pleads the 5th amendment, there was no ruling on this from the district court. And, yeah, we maintain it's waived. And regardless, it's forfeited and not plain error. You agree that. Maybe you don't, but do you agree that the testimony about having nothing to do with these other incidents? Contradicted his proffer. Your honor, we don't think the court needs to decide that question in this case just because the drug statement was so was so harmful and would have substantially swayed the jury. That being said, we do think that many of the other statements were not inconsistent. We do think that there was some evidence that Mr. Grogan had borrowed a vehicle to be used in a kidnapping, however, that Mr. Grogan did not say that at all in his proffer to begin with. So we don't even know where that's coming from. Mr. Grogan also admitted that there was a gun used in a that the same gun that was found in the car was used in a different shooting. But the government yet presented evidence that Mr. Grogan denied or presented a proffer statement that Mr. Grogan denied participating in the event. That statement is totally consistent under the Shannon standard with what Mr. Grogan presented. And a lot of the other and now the government on the wallet, particularly the government now concedes that even though they presented a proffer statement that the wallet was Mr. Grogan's, Mr. Grogan at trial actually admitted that the wallet in the car was his. So we just think the district court here didn't do didn't do the proper analysis for each of these statements to come in. And certainly if this court reverses, we'd appreciate direction to the district court on how to do this. And we think that the cases are pretty clear that you need to consider whether each of these statements was actually inconsistent, whether each of the proffer statements the district court wants to admit was actually inconsistent with the proffer testimony. And here the district court just has a one line sentence denying our objection to the introduction of the proffer statements generally. But I just want it since since you do ask that go back and that we're get more guidance on this, in particular, the statement that he was just a standard by and had nothing to do with it. That does seem to me to be in conflict with his proffer. Your Honor, on the standard by statement on the government kind of mixes up what they actually introduced. As far as that statement goes, they they introduced a statement that Mr. Brogan made in his proffer admitting that the gun that was used in that December in that incident was the same gun they found in the car. That's just totally different from the statement that they actually introduced, which is that he was just a standard by in the incident. All right. Any further questions. Thank you, Your Honor. Thank you, Mr. Ranke. Please the court. On behalf of the government. Mr. Brogan offered inconsistent statements in a number of ways. The statement about the kidnapping, the kidnapping on November 1st, and is in his proffer, which is court has paid seven of the supplemental appendix. Brogan was told that someone broke into Chase Young's house, stole four pounds of marijuana as well as cash and some other items. They asked to use Brogan's car to go and find the burglar because they knew the burglar because Chase had a security camera on his video and was able to identify him. And Brogan let them use his car because he owned a drug debt to Chase Young in the amount of $1,500. And he felt he was obligated to do it. So the fact that he says I had nothing to do with it, I knew nothing about it, is contradicted in his proffer. The auto sport shooting in his proffer, he goes into pretty substantial detail about what happened that day, about the chase, about the shooting, about the rival gang member. And then at trial, he gets up there and he says I had nothing to do with it. Well, he clearly had something to do with that. He drove the car that his gang member affiliate used to shoot that rival gang member after he got an argument in the store. Those are inconsistent. Those are clearly inconsistent. Why is this relevant to the charge? Well, that goes back to, it's relevant to the overall case. It's relevant to whether he's offering inconsistent testimony in the proffer. I'm sorry, whether what? I'm sorry, can you not hear me? Whether he's his proffer, whether he was inconsistent when he took the Fifth Amendment, whether he was offered other inconsistent statements when he testified, which allowed the government to bring in the portions of the proffer, the portions of the proffer to impeach him and rebut. Yeah, but I mean, it seems to me to be totally relevant. It's one thing to give all this information in the proffer, but I don't know why any of that was relevant at his trial, but I guess no one objected. Well, it was relevant at his trial because that's what they used. Grogan always had a problem with searching the car on December 7th. And how the government was able to search his car on December 7th, and Grogan was involved in the kidnapping on November 1st and the auto sport shooting on December 1st. The court knew that, or the government knew that. The government got an arrest warrant actually for Grogan because they knew. So it was relevant to how they got into the car because it was those two incidents that were the reason they looked for Grogan, which we were going to bring up and we agreed that. But the key evidence is whether the drugs are his, right? Yes. I mean, that's the crime, right? So what I mean, it seems to me that without that. Without that, what if what's effectively a confession? Getting in these other statements doesn't get you. Harmlessness or sufficiency on that other charge. So what I'd be interested if you would address the 5th Amendment argument and whether that other statement is inconsistent with the proffer on the drugs. Of course, the pivot to the 5th Amendment. I mean, this case is it's not just the 5th Amendment case, too. Importantly, it's a it's a 5th Amendment case with a proffer. So it's a it's a 5th Amendment and a breach of a contract. Grogan agreed. Yeah. As you as you answer this, would you classify it or answer it in terms of the possession of drugs and the firearm, which were the charges that were tried? I think that's that if we can limit it to that, that will be more responsive to Judge Nalbandian's question. OK, thank you. Brogan made two statements. It wasn't just one statement. Brogan made two statements in his draft. Basically, claiming the government says I'm a felon in possession and I'm a drug dealer. For now, in the first ones, they paid 776, 777 of his direct testimony. He made a similar statement at 785 and 786. The government has consistently and persistently introduced evidence to the jury that I'm a drug trafficker in possession of a firearm. But is rejecting to introduce evidence how they were even in the area and why the vehicle was towed. Those two statements go directly to what he was charged with, and he's giving the he's implying through those statements that he he he's not a drug dealer. He did not have a phone. He didn't have a firearm in the car when he actually did. And he admitted to it. That's inconsistent with what he admitted. He just voluntarily took the stand at that point. Anything that you know, by taking the foot, that's inconsistent. Anything other than an admission at that point is inconsistent. But it seems you dispute. Look, I mean. Did clearly defendant maybe understands more than is good for him. But he. He was fighting and continued to fight the probable cause that he was adamant about that. And even to the point of addressing it on the stand and the context of those comments, unless I'm thinking of different comments, is that he's saying the government wants to prove this. The government wants to prove this. But the government's never established that it had a right to be in the car. And I don't see how that is contradictory. When he admitted that the gun, the gun was his. And that the drugs were his. And then he takes the stand against the advice of counsel voluntarily takes the stand and chooses to offer testimony saying. I'm not going to answer this question, even though I did answer it in my crop. That's inconsistent. So, so you're saying the mere fact of. Basically, taking the fifth is inconsistent. Not the no, not the mere fact of taking the fifth, but the combined with his two statements. Challenging that he's a drug dealer and that he had a phone and does he say I'm not a drug dealer or does he say the government wants to prove this and this. But they haven't justified the fact that. They're relying on this evidence. He doesn't come out and say that, but he implies that in those two statements. And that's an inconsistent with what he admitted in the prop. He's clearly implying to the jury. I'm not either one of these. And that's inconsistent. This is other testimony about, and I know we've already talked about this is other testimony about the two incidents, which led to his arrest. As to whether. We waived this. It's true. We didn't. We didn't. We didn't ask the court to do anything. We didn't really ask for a remedy. At that point, we felt the government felt that he had opened the door to the, to the, to the admission of some of the proper state proper statements eight pages line. It has a lot of other things that which we didn't go into. We only went into what was relevant to the charges against him in this case. He talked about a lot of other things and implicated a lot of other people, which we didn't go into. And we didn't ask for broken list the number of proposed remedies that he felt we should have asked. Well, every one of those cases, those were simply fifth amendment cases on their own. None of those cases involved the proper or whether the proper had been had been breached. And that's the difference in this case with with the other cases that are cited by Grogan. Those are strictly fifth amendment cases, whether someone properly invoked the Fifth Amendment or didn't. In our case, we also have the added element of the problem. And that that distinguishes Garner v. United States, which was a tax case involving a 1040 admission of a 1040 form and then the subsequent assertion of a Fifth Amendment privilege. It distinguishes Caminiti, which was a white slave traffic act case where there was no proper Fitzgerald Fitzpatrick v. United States. That was a murder case where one defendant testified and one didn't. Again, no proper. And who owns the robbery case where the defendant took the stand but selectively chose not to answer certain questions. Again, that's not a proper here. It's Fifth Amendment. What can I ask you that? But I guess I'm confused. What's this is a proffer. It's a contract. It says you can't test you. We can use this if you testify inconsistently. And you're saying what's inconsistent is that he answered the questions in the proffer and then at trial declines to answer them. That and making the two statements where he's implicitly saying, I'm not a drug dealer and I'm not. And I didn't put my phone in possession of a firearm. OK, do you agree that a challenging the sufficiency of the evidence would not be inconsistent? If I just said the government hasn't provided enough evidence, is that inconsistent? No, that's the Rosemont case. And there's a few other cases to talk about that. But he didn't merely challenge that. OK, but you but you agree those. I mean, you're not saying those cases are incorrectly decided, are you? No, no. OK. OK. OK. But you're saying that's not what he said here. He his was a more direct denial that he that. But he never says those drugs in the console weren't mine. Right. He doesn't testify to that. No, he just says he refuses to answer that question, even though he admitted it as a problem. But he does say. I'm not a drug dealer. I'm not I'm not in possession. Those are contradictory statements. What can you address the harmful error standard? It seems part of what your argument is, is that there was significant circumstantial evidence. So it really that would have convicted him. So the error was harmless. Tell me your understanding of what the standard is for reviewing harmless error in this context. Well, in this in this circuit, it's it's whether his rights were substantially affected by the admission of the by the admission of the proper standards. I know that Brogan slates cases from other circuits where which had which had a different standard. But that's not the law in this in this circuit that I'm aware of. It's still Shannon still says it's whether it's it's substantially affects his rights. And that's. Our position is given the circumstantial elements, which is where it's already gone over. But, you know, his car was used in two crimes. Agents witnessed the second crime. He fled when when the agents came to the house to arrest him. And that was that was brought out by, you know, his his former girlfriend, Jalisha Pope, her testimony. You think then the that are you banking on the distinction in the amount of evidence or is the argument that there is no other direct evidence in this case? There is only circumstantial evidence. Isn't that true? Yeah, it's a circumstantial case. Circumstantial case is still enough to have to convict him and to have harmless there. Even if we didn't have the profit, for example, we didn't have he didn't have a profit. This case just went forward on this evidence. That's that's enough to convict him. I mean, the gun was the gun was in the car on the floorboard and his DNA on it. The drugs were in the center console, his wallet, which he didn't. By the way, I was in France when I said he admitted to the wallet. He didn't admit to the wallet. That was a factual inaccuracy in my brief. Whenever time he was asked about the wallet, he said that just shows I had the right to privacy in the car. He kind of went back to that. But the fact that 75 grams of heroin, fentanyl next to his wallet, next to a gun. But that I mean, if I would if I analogize to, you know, we have a ton of cases on like constructive possession of guns and proximity is not enough. It seems to me that the firearm being his ID, I mean, that puts him in the car, let's say. But it doesn't mean the drugs are his, is it? I mean, that that I mean, even in those cases, you have to have something else like exclusive possession or somebody saw you with the drugs before. You got in the car or your fingerprints are not, you know, the fingerprints are not on the drugs. They're only on the gun. I don't know which way that cuts. Why wouldn't you know? There was testimony about that. But yeah, but I mean, that's it makes it it seems to me it's a close case on a sufficiency. And then this is not that standard. And then you put the essentially a confession in. It's hard for me to see how that wouldn't have turned the table or at least been substantial evidence. I mean, I don't know. Well, again, he was seen driving the car that day. He drove the car, the suppression hearing. He testified he had had that car for a year. His girlfriend testified she's the only one. He's the only one she ever saw drive the car. But I thought there was testimony that he had loaned it out in the six days before. He loaned it to he loaned it to Chase Young to go find the burglar from the November 1st incident. So, yeah, he did loan it to somebody. But that was a week. That was a week before. And it's unlikely that someone would leave their drugs next to a gun with their fingerprints on it in the car. At least that's what we would argue to the jury. And that's why we think this would be a harmless error, even if this court finds that that the proper was improperly admitted. Thank you, Mr. Becker. Rebuttal. Your Honor, the government here does not address the main issue in this case, which is whether Mr. Grogan testified inconsistently when he pleaded the Fifth Amendment as to the state, especially as to the statement that the drugs did not belong to him. Mr. Grogan did not. Mr. Grogan never testified inconsistently as to that statement. And the government's arguments about the government seems to admit that he didn't actually specifically ever deny deny that in the trial and somehow imply an inconsistency. But that is that is that itself is inconsistent with this court's decision in Shannon, which specifically requires that statements for statements to be inconsistent only if the truth of one implies the falsity of the other. And pleading the Fifth Amendment simply doesn't do that. And neither did the other statements that Mr. that Mr. Grogan made on the harmless error standard. This court said in there in United States versus Bell, which is five one six F third of four thirty two, that the standard is whether with with fair assurance after pondering all that happened without stripping the erroneous action from the whole, the judgment was not substantially swayed by the error. That's the Kodiak standard. The Supreme Court decided in the 1940s and this court has continued to apply today. So we maintain that under that standard, it's very difficult to argue that a confession that the drugs belong to Mr. Grote to my client would not have substantially swayed the jury in this case. And and also related to the government's other arguments about the distinguishing our remedies cases because they didn't involve proffers. Well, that's kind of odd because the government's entire brief is about whether that the Fifth Amendment that Mr. Grogan improperly pleaded the Fifth Amendment in this case. And we like we don't even think that matters here. And if you go to the proffer to the actual proffer agreement, which is in our appendix, I think pages like around page five, you'll find pages four to five of the appendix. You'll find nothing in that proffer in that proffer agreement that Mr. Grogan agreed to with the government that states anything about whether Mr. Grogan can plead the Fifth Amendment or not and whether it's an appropriate remedy to introduce proffer statements as a result. That's because Mr. Grogan didn't agree to that. And the agreement simply says that the proffer statements could only be introduced if Mr. Grogan testified inconsistently or presented other evidence or arguments, which the government doesn't even mention. They only mentioned that mentioned testimony that's inconsistent with the proffer statements. We ask that the court reverse Mr. Grogan's drug related convictions, vacate his sentence and his entire sentence as well. And the fellow in the felon in possession count, because that count was grouped with the charges that were challenging here and remand for a new trial. Thank you, Your Honors. We see, Mr. Becker, that you have taken this case under the Criminal Justice Act. And we want to thank you because having people accept these cases and appear in court so that there are two good adversaries before the judges to understand the case makes a significant difference to our justice system. So we thank you for being willing to take a case that way. And we thank you both for your arguments. The case will be taken under advisement and an opinion will be issued in due course. There are no other arguments today. You may dismiss court.